IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

J.H.,

      Plaintiff,

v.

THE GEO GROUP, INC.;
JORDAN C. LUJAN;
LISA L/N/U;
MARY L/N/U;
MARY MAZE; and
ASHLEY LEROSSING,

      Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff, J.H., by and through his attorneys, David Lane and Liana Orshan of KILLMER, LANE & NEWMAN, LLP, hereby files his Complaint and Jury Demand and respectfully alleges as follows:

## I.      INTRODUCTION

1.     Plaintiff J.H. is the victim of a private prison system that looks the other way as employees openly treat inmates as objects of their own sexual gratification. J.H. suffered, and continues to suffer, injuries from being the victim of a sexual assault by Defendant Jordan C. Lujan while in the custody of the private for-profit prison run by Defendant The GEO Group, Inc. ("GEO"), where Defendant Lujan was employed as a counselor. After repeated coerced sexual contact, J.H. was finally able to obtain relief when he was transferred out of GEO-run Tooley Hall Community Corrections facility.

2.      J.H. was deprived of his rights under the United States Constitution as a result of

Defendants' knowing and deliberate indifference to the serious risk of harm and injury to J.H.

and other inmates. J.H.'s injuries were caused by widespread failures on the part of Defendant

GEO to address known pervasive sexual abuse by staff the Tooley Hall facility. This is a civil

action pursuant to 42 U.S.C. § 1983 for Defendants' violation of Plaintiff J.H.'s rights under the

Eighth Amendment to the United States Constitution and Colorado state common law.

## II.   JURISDICTION AND VENUE

3.      This action arises under the Constitution and laws of the United States, and is

brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28

U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred

by 42 U.S.C. § 1988.

4.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All

of the events alleged herein occurred within the State of Colorado, and all of the parties were

residents of the State at the time of the events giving rise to this litigation.

5.      Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the

violations of federal law alleged are substantial and the pendent causes of action derive from a

common nucleus of operative facts.

6.      The state law claims in this matter are brought against private corporations and

therefore no notice of claims was required under the Colorado Governmental Immunity Act

("CGIA").

## III.    PARTIES

7.      Plaintiff J.H. is and has been, at all times referred to herein, a resident of and

domiciled in the State of Colorado.  During the relevant time periods, J.H. was housed as an

inmate at the GEO Tooley Hall community corrections.

8.      Defendant The GEO Group, Inc. is a private corporation incorporated in the State of Florida with its corporate headquarters at 621 NW 53rd St., Ste. 700, Boca Raton, Florida 33487. GEO's registered agent of service in Colorado is the Corporate Creations Network, Inc., located at 3773 Cherry Creek Drive North, #575, Denver, Colorado 80209.

9.      Under a contract with the State of Colorado, GEO operates and manages the Tooley Hall Community Corrections facility ("Tooley Hall") located at 4280 Kearney Street, Denver, Colorado. Defendant GEO is, and has been at all times relevant to the subject matter of this Complaint, a corporation registered to do business in the State of Colorado.

10.     GEO is the proper entity to be sued under 42 U.S.C. § 1983 for its deliberately indifferent policies, practices, habits, customs, procedures, training, and supervision of staff, including individual Defendants.

11.     At all relevant times, GEO was acting under color of state law and performing a central function of the state thus making it liable under § 1983.

12.     At all times relevant to the subject matter of this Complaint, Jordan C. Lujan was a citizen of the United States and a resident of Colorado. At all relevant times, Defendant Lujan was employed by GEO and acting under color of state law in his capacity as a counselor at Tooley Hall, and all acts and omissions by Defendant Lujan were within the course and scope of his employment with GEO.

13.     At all times relevant to the subject matter of this Complaint, Lisa L/N/U was a citizen of the United States and a resident of Colorado. At all relevant times, Defendant Johnson was employed by GEO and acting under color of state law in her capacity as a Tooley Hall employee, and all acts and omissions by Defendant Johnson were within the course and scope of

her employment with GEO.

14.     At all times relevant to the subject matter of this Complaint, Mary L/N/U was a citizen of the United States and a resident of Colorado. At all relevant times, Defendant Mary L/N/U was employed by GEO and acting under color of state law in her capacity as a counselor at Tooley Hall, and all acts and omissions by Defendant Mary L/N/U were within the course and scope of her employment with GEO.

15.     At all times relevant to the subject matter of this Complaint, Mary Maze was a citizen of the United States and a resident of Colorado. At all relevant times, Defendant Maze was employed by GEO and acting under color of state law in her capacity as a Tooley Hall employee, and all acts and omissions by Defendant Maze were within the course and scope of her employment with GEO.

16.     At all times relevant to the subject matter of this Complaint, Ashley LeRossing was a citizen of the United States and a resident of Colorado. At all relevant times, Defendant LeRossing was employed by GEO and acting under color of state law in her capacity as a Tooley Hall employee, and all acts and omissions by Defendant LeRossing were within the course and scope of her employment with GEO.

### IV.     FACTUAL ALLEGATIONS

#### *Defendant Lujan sexually assaulted J.H. and other inmates at Tooley Hall.*

17.     During the relevant time periods, Plaintiff J.H. was incarcerated at the Tooley Hall Community Corrections facility, owned and operated by Defendant GEO in Denver, Colorado. At all relevant times, J.H. remained under the custody of the Colorado Department of Corrections ("DOC").

18.     J.H. was serving felony time for multiple DUI cases. He was at Tooley Hall

instead of a DOC prison because of the relatively minor nature of the convictions.

19.     Defendant Lujan was a counselor at Tooley Hall and was assigned to interact with J.H. and many other inmates.

20.     Defendant Lujan controlled many aspects of J.H.'s life including what programs J.H. could attend, where he could work, and what his obligations and responsibilities were going to be as an inmate at Tooley Hall.

21.     Defendant Lujan literally had the power to regress J.H. to a DOC prison simply by writing a negative report alleging any rule violations committed by J.H.

22.     J.H. had a serious alcohol addiction, which had led to his multiple DUIs.

23.     Unfortunately, while at Tooley Hall, J.H. would continue to drink when he was outside of the facility working.

24.     J.H. was required by the Tooley Hall rules to give regular urine samples to staff. A "hot" urinalysis ("UA") could and did frequently result in an inmate being taken out of the relative freedom of community corrections and placed into a DOC prison.

25.     J.H. at one point realized that he was about to give a urine sample which would likely result in his drinking being discovered by staff, putting him at risk of going to prison.

26.     Defendant Lujan detected J.H.'s reluctance to provide a urine sample and offered to "pee" for J.H. in exchange for $50.

27.     J.H. agreed to this extortion and paid $50 to Defendant Lujan, who provided a clean urine sample for testing.

28.     This happened on several more occasions until Defendant Lujan informed J.H. that in order to provide a clean urine sample, Defendant Lujan required not only $50, but also that J.H. perform oral intercourse on him.

29.     J.H. felt that his only choices were to go to prison or accede to Defendant Lujan's demands.

30.     On numerous occasions after that, Mr. Lujan came from behind J.H. and grabbed J.H.'s penis. When J.H. had to shower, Lujan came in the shower to watch J.H. and sexually assault him.

31.     At one point, J.H. was at a McDonalds restaurant when Defendant Lujan appeared. Defendant Lujan made J.H. get into his car, telling him that if he did not, Defendant Lujan was going to send him back to prison. J.H. got in the car and as soon as he did, Lujan began grabbing his penis.

32.     J.H. jumped out of the car and went straight to Tooley Hall and reported the assault to supervisors and other Tooley Hall employees, including Defendants Mary L/N/U (who was J.H.'s counselor), Maze, LeRossing, and Lisa L/N/U. These employees simply laughed it off and ignored it. They took no action to protect J.H. from sexual assault by Defendant Lujan despite having notice that he posed a serious risk of harm to J.H.

33.     On other occasions, Defendant Lujan forced J.H. to stimulate Defendant Lujan's penis with his hand (to "jack him off"). Defendant Lujan also forced J.H. to perform oral sex on Defendant Lujan.

34.     On at least one occasion, Defendant Lujan put his fingers inside J.H.'s anus and threatened that if he did not do the same to him, J.H. "wasn't going to like the outcome."

35.     Defendant Lujan made very clear that if J.H. did not submit to Defendant Lujan's sexual assault, Defendant Lujan would send J.H. to prison. J.H. never voluntarily consented to sexual contact with J.H.

36.     J.H. filed grievances and these reports were never acknowledged by management

staff at GEO. When he reported Defendant Lujan's sexual abuse to other Tooley Hall staff members—including Defendant Mary L/N/U, Maze, LeRossing, and Lisa L/N/U—they would just laugh at him. Staff at GEO did nothing to attempt to protect J.H. from the harm committed against him by Defendant Lujan.

37.     J.H. felt trapped knowing that no one was willing to help him. Defendant Lujan continued following J.H. and sexually harassing and assaulting him to the point that J.H. believed the only way to escape from Defendant Lujan was by unauthorizedly leaving the Tooley Hall facility.

38.     J.H. was charged with the violation of escape and regressed to a DOC prison. During the proceedings regarding J.H.'s violation, J.H. raised Defendant Lujan's sexual assault and an investigation commenced.

39.     Defendant Lujan was ultimately charged with sexually assaulting three different inmates including J.H. He ultimately entered a plea of guilty in Denver district court.

40.     The abuse J.H. suffered from Lujan has caused him severe psychological, emotional, and physical damage. J.H. now suffers from anxiety, he is afraid at all times, and he sometimes cannot leave his own house. He refuses to even use bathrooms if other males are present.

### *GEO and Supervisory Defendants failed to protect J.H. from sexual assault by Defendant Lujan.*

41.      GEO and Defendants Mary L/N/U, Maze, LeRossing, and Lisa L/N/U ("Supervisory Defendants") knowingly, recklessly, and intentionally disregarded obvious serious risks to J.H. and other inmates posed by widespread and pervasive sexual abuse of inmates housed at Tooley Hall by GEO personnel, including Defendant Lujan, in the following ways:

    a.   failing to take timely substantive remedial actions to address the known, ongoing,

pervasive problem of sexual abuse by Defendant Lujan against Tooley Hall

inmates including J.H.;

b.   failing to properly hire, train, and/or supervise personnel in order to prevent

and/or address known pervasive sexual abuse of inmates by Defendant Lujan and

staff personnel;

c.   continuing to employ numerous personnel, including Defendant Lujan, as well as

personnel in positions that allow them unsupervised sexual access to inmates, in

spite of GEO's and Supervisory Defendants' knowledge that these officials were

and/or are sexual predators; and

d.   failing to maintain a proper video surveillance system in all locations where

inmates are present.

42.   This conduct shocks the conscience and amounts to deliberate indifference to the

rights of the inmates housed at Tooley Hall, including J.H., with whom GEO personnel,

including Defendant Lujan, inevitably come into contact and is so grossly reckless that this

misconduct was virtually inevitable.

43.   These actions and inactions by all Defendants were made possible by an overt

culture of sexual abuse by staff against Tooley Hall inmates.

## V.   STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Eighth Amendment Violation – Cruel and Unusual Punishment
(Against Defendant Lujan)

44.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

45.   Defendants were acting under color of state law in their actions and inactions at

8

all times relevant to this action.

46.     At all relevant times, J.H. was a post-trial detainee subject to the protections of the Eighth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment.

47.     J.H. had a clearly established right under the Eighth Amendment to be free from cruel and unusual punishment, including the use of excessive force against him.

48.     Defendant Lujan knew or should have known of this clearly established right at the time of Defendant Lujan's sexual assault against J.H.

49.     Under the application of the specific facts and totality of circumstances as described fulsomely herein, Defendant Lujan violated the clearly established constitutional rights of J.H.

50.     Defendant Lujan purposefully and knowingly used physical force against J.H. and inflicted unnecessary and wanton pain upon J.H. by repeated sexual assault of J.H., including but not limited to repeatedly coercing J.H. to perform oral sex on Defendant Lujan, to stimulate Defendant Lujan's penis with his hand, and to allow Defendant Lujan to penetrate J.H.'s anus with his finger.

51.     Defendant Lujan's use of force against J.H. had no legitimate penological purpose. The force used by Defendant Lujan against J.H. was used maliciously and sadistically for the very purpose of causing harm.

52.     The acts or omissions of Defendant Lujan were the legal and proximate cause of J.H.'s damages in that he suffered physical injury, including physical intrusion into bodily privacy and integrity, humiliation, mental and emotional pain and anguish.

53.     The acts or omissions of Defendant Lujan caused J.H. damages in that he suffered

physical, mental and emotional pain and injury as described above, from which he will likely continue to suffer for the rest of his life.  As a direct and proximate cause and consequence of the actions or inactions described above, J.H. suffered and continues to suffer injuries, damages and losses as set forth herein.

54.     Defendant Lujan's conduct in violating J.H.'s rights as described herein shocks the conscience and is intolerable to society's standards of fundamental fairness.

55.     Defendant Lujan's actions and inactions were taken in reckless and callous indifference to the federally protected rights of J.H.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – 8th Amendment Violation– Failure to Protect**
(Against Defendant GEO and Defendants Mary L/N/U, Maze, LeRossing, and Lisa L/N/U)

56.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

57.     Defendant GEO and Supervisory Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action.

58.     J.H. had a clearly established right under the Eighth Amendment, as incorporated against the states by the Fourteenth Amendment, to be protected from excessive risk of harm by employees of GEO and Tooley Hall.

59.     Supervisory Defendants knew or should have known of this clearly established right at the time of Defendant Lujan's sexual assault against J.H.

60.     Under the application of the specific facts and totality of circumstances as described fulsomely herein, Supervisory Defendants violated the clearly established constitutional rights of J.H.

61.     By incarcerating J.H. and other similarly situated inmates, and thereby assuming

control over the inmates and depriving them of their liberty to care for themselves, Defendant

GEO and Supervisory Defendants created a special relationship with J.H. and other inmates that

required GEO and Supervisory Defendants to assume an affirmative duty of care and protection

with respect to J.H. and other inmates.

62.     Defendant GEO and Supervisory Defendants recklessly and with conscious

disregard to the serious and obvious risk to inmate safety, failed to protect J.H. and other inmates

from pervasive sexual assaults by prison personnel, including Defendant Lujan, in at least the

following ways:

    a.  by continuing to employ Defendant Lujan in positions that allowed him

        unsupervised access to inmates, including J.H., with, and in spite of, the

        knowledge that Defendant Lujan was a sexual predator;

    b.  by failing to take any substantive remedial actions to address the known, ongoing,

        pervasive problem of sexual abuse by Defendant Lujan against Tooley Hall

        inmates, including J.H.;

    c.  by failing to properly hire, train, and/or supervise prison personnel to prevent

        and/or address pervasive sexual assaults by Defendant Lujan against inmates,

        including J.H., and known to Supervisory Defendants; and

    d.  failing to maintain a proper video surveillance system in all locations where

        inmates are present.

63.     Based on complaints by J.H. and other facts and circumstances, Defendant GEO

and Supervisory Defendants knew that Defendant Lujan presented an excessive or substantial

risk of serious harm to Tooley Hall inmates, including J.H.

64.     Despite their knowledge that Defendant Lujan presented a substantial or excessive

risk to J.H.'s safety, Defendant GEO and Supervisory Defendants made a conscious and deliberate decision not to take any action to protect J.H. from sexual misconduct by Defendant Lujan.

65.     Defendant GEO and Supervisory Defendants exhibited deliberate indifference to the substantial risk of harm inflicted upon J.H., and other inmates housed at the Tooley Hall facility, by continuing to employ Defendant Lujan and/or not taking any action to protect J.H. from sexual misconduct by Defendant Lujan despite the known risk of substantial harm Defendant Lujan posed to inmates, including J.H.

66.     Defendant GEO and Supervisory Defendants' conscious and deliberate decisions not to protect J.H., despite knowledge of the risk to his safety from Defendant Lujan, constitute deliberate indifference to and willful and wanton disregard of the substantial risk of serious harm to J.H., thereby depriving J.H. of life's necessities and failing to provide him humane conditions of confinement, in violation of J.H.'s Eighth Amendment right to be free from cruel and unusual punishment.

67.     By consciously and deliberately failing to take any action to protect J.H. from the known and substantial risk of serious harm posed by Defendant Lujan, Defendant GEO and Supervisory Defendants knowingly, intentionally, willfully and maliciously disregarded the obvious serious risks of bodily injury to J.H., failed to provide humane conditions of confinement, deprived J.H. of life's necessities, and violated J.H.'s Eighth Amendment right to be free from cruel and unusual punishment, resulting in substantial harm to J.H.

68.     The acts and omissions of Supervisory Defendants were engaged in pursuant to the custom, policy, and practice of GEO.

69.     GEO and Supervisory Defendants failed to provide humane conditions of

confinement for J.H. and other inmates by failing to implement practices, policies and procedures that protect inmates, including J.H., from the substantial risk of serious harm posed by GEO personnel, including Defendant Lujan, using their authority and influence to sexually assault inmates.

70.     In light of Defendant GEO and Supervisory Defendants' knowledge of previous complaints, including by J.H., against Tooley Hall staff, including Defendant Lujan, for sexual misconduct against inmates, the need for additional and effective training, supervision, and discipline of Defendant Lujan regarding sexual acts with inmates, including J.H., was obvious.

71.     Defendant GEO and the Supervisory Defendants, by and through their official duties within GEO, failed to and continue to fail to properly hire, train, supervise and/or discipline their employees, including Defendant Lujan, regarding the protection of inmates, including J.H., from sexual assault, resulting in inhumane conditions of confinement and a deliberate indifference to the substantial risk of serious harm to J.H. and other similarly situated inmates.

72.     The inadequate hiring, training and/or supervision provided by Defendant GEO and the Supervisory Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to these Defendants.

73.     In light of the duties and responsibilities of the GEO personnel, including Defendant Lujan, who exercise control over individuals incarcerated at Tooley Hall and other facilities, the need for scrutiny in hiring and specialized training, supervision and discipline regarding sexual acts with inmates was so obvious, and the inadequacy of appropriate hiring, training and/or supervision was so likely to result in the violation of constitutional rights, such as those described herein, that Defendant GEO and the Supervisory Defendants are liable for their

failure to appropriately hire, train, and/or supervise GEO personnel, including Defendant Lujan. Such failure to properly hire, train and supervise their employees was the moving force and proximate cause of the violation of J.H.'s constitutional rights and the rights of other inmates.

74.     Defendant GEO and Supervisory Defendants thus knew that their acts or omissions were substantially certain to cause Tooley Hall officials, and/or Defendant Lujan in particular, to violate the constitutional rights of inmates like J.H. to be free from excessive force in the form of sexual abuse, and Defendant GEO and Supervisory Defendants consciously or deliberately chose to disregard this risk of harm in failing to provide and/or in deliberately choosing not to provide additional effective training, supervision, and discipline of guards and/or Defendant Lujan regarding sexual acts with inmates, including J.H.

75.     Therefore, Defendant GEO and Supervisory Defendants set in motion a series of events that they knew would cause J.H. or an inmate in a similar situation as J.H. to be deprived of his constitutional right to be free from excessive force; but for the above acts or omissions of Defendant GEO and Supervisory Defendants, J.H. would not have been subjected to a violation of her constitutional rights; and such a deprivation was a natural and foreseeable consequence of these acts and omissions.

76.     The acts or omissions of Defendant GEO and each Supervisory Defendant were the legal and proximate cause of J.H.'s damages in that he suffered physical injury, including physical intrusion into bodily privacy and integrity, humiliation, mental and emotional pain and anguish.

77.     The acts or omissions of Defendant GEO each Supervisory Defendant caused J.H. damages in that he suffered physical, mental and emotional pain and injury as described above, from which he will likely continue to suffer for the rest of his life.  As a direct and proximate

cause and consequence of the unconstitutional policies, procedures, customs, and/or practices described above, J.H. suffered and continues to suffer injuries, damages and losses as set forth herein.

78.     Defendant GEO and Supervisory Defendants' conduct in violating J.H.'s rights as described herein shocks the conscience and is intolerable to society's standards of fundamental fairness.

79.     Defendant GEO and Supervisory Defendants' actions and inactions were taken in reckless and callous indifference to the federally protected rights of J.H.

**THIRD CLAIM FOR RELIEF**
**Negligence**
(Against Defendant GEO and Mary L/N/U, Maze, LeRossing, and Lisa L/N/U)

80.     Plaintiff hereby incorporates all allegations contained in this Complaint as though fully set forth herein.

81.     Defendant GEO is a private corporation that contracts with the State of Colorado to house inmates under custody of the DOC at Tooley Hall, and is not entitled to immunity under the CGIA.

82.     Supervisory Defendants are private individuals who are employed by Defendant GEO, and are not entitled to immunity under the CGIA.

83.     At all times relevant, J.H. was in the involuntary custody of Tooley Hall, and under the care of Defendant GEO and Supervisory Defendants.

84.     At all times relevant to this action, Defendant GEO and Supervisory Defendants had a duty to ensure the safety of all inmates at Tooley Hall, including J.H.

85.     Defendant GEO and Supervisory Defendants had a duty to exercise reasonable care in the training and supervision of Tooley Hall employees, including Defendant Lujan, and

implement adequate policies and procedures to protect Tooley Hall inmates.

86.     Defendants GEO and Supervisory Defendants had a duty to take prompt and effective remedial action when they received notice that Defendant Lujan was a sexual predator.

87.     Defendant GEO and Supervisory Defendants had actual or constructive notice of Defendant Lujan's sexual harassment and sexual assaults of not only J.H. but also other Tooley Hall inmates.

88.     Defendant GEO and Supervisory Defendants breached their duty of care to J.H. and deviated from the standard of care they owed him when they failed to take reasonable action to protect him from the substantial risk of harm they knew or should have known Defendant Lujan posed to inmates at Tooley Hall, including J.H.

89.     The negligent acts and omissions by Defendant GEO and Supervisory Defendants was a proximate cause and substantial and significant contributing cause of J.H.'s injuries, damages, and losses, and it was reasonably foreseeable that these Defendants' negligence would cause the harm or a similar harm that J.H. suffered, is suffering, and will suffer.

90.     J.H. suffered severe injuries, damages, and losses—including physical and mental injuries, pain, and suffering—as a direct and proximate result of Defendant GEO and Supervisory Defendants' negligence.

91.     Defendant GEO and Supervisory Defendants' conduct was attended by circumstances of malice, or willful and wanton conduct, which these Defendants must have realized was dangerous, or that was done recklessly, without regard to the consequences to J.H.

92.     Defendant GEO and Supervisory Defendants' consciously disregarded a substantial and unjustifiable risk that they knew or should have known would cause the severe injuries, damages, and losses J.H. suffered.

**WHEREFORE**, Plaintiff J.H. respectfully requests that this Court enter judgment in his favor and against Defendants, and award his all relief as allowed by law, including but not limited to, the following:

a.    Declaratory relief and other appropriate equitable relief;

b.    Actual economic damages as established at trial;

c.    Compensatory damages, including, but not limited to, those for future pecuniary losses, physical and emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d.    Punitive damages for all claims allowed by law in an amount to be determined at trial;

e.    Pre-judgment and post-judgment interest at the highest lawful rate;

f.    Attorney's fees and costs; and

g.    Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 5th day of March 2020.

KILLMER, LANE & NEWMAN, LLP

*s/David Lane*
David Lane
Liana Orshan
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 (fax)
dlane@kln-law.com
lorshan@kln-law.com

ATTORNEYS FOR PLAINTIFF